United States District Court
Southern District of Texas
**ENTERED**
January 15, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:09-CR-263 |
| | § | |
| ADAM GUZMAN | § | |

## ORDER

Adam Guzman filed a motion requesting a reduction in his sentence pursuant to 18 U.S.C. § 3582(c) and Amendment 782 to the sentencing guidelines. D.E. 24. Because he does not qualify for relief pursuant to Amendment 782, his motion is denied.

Guzman was sentenced to 120 months imprisonment in September 2009 after his guilty plea to possession with intent to distribute 2572.5 kilograms of marijuana. D.E. 22. "A defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may apply for a reduction in his sentence if the amendment applies retroactively. 18 U.S.C. § 3582(c)(2); *see also Freeman v. United States*, 131 S.Ct. 2685, 2690-91 (2011) (reciting standard for sentence modifications); *Dillon v. United States*, 560 U.S. 817, 824-25 (2010). Amendment 782 became retroactive on November 1, 2014.

Importantly, however, Amendment 782 does not benefit Guzman. His sentence was the statutory minimum sentence of 120 months for violation of 21 U.S.C. § 841(b)(1)(A) that was in effect at the time of his sentencing. *See* D.E. 24. Although Amendment 782 modified the drug quantity table, Congress did not modify § 841(b)(1)(A) as it pertains to Guzman. Although the Court commends Guzman's educational efforts in prison, this Court does not have the authority to reduce his statutory minimum sentence.

## CONCLUSION

The Court DENIES Guzman's motion (D.E. 24) to reduce sentence.

SIGNED and ORDERED this 15th day of January, 2016.

_____
Janis Graham Jack
Senior United States District Judge